**SO ORDERED.**

**SIGNED May 31, 2023.**



_____
**JOHN W. KOLWE
UNITED STATES BANKRUPTCY JUDGE**

---

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 22-20400 |
| ALFRED MILLER CONTRACTING COMPANY,<br>   *Debtor* [1] | CHAPTER 11 |

---

**ORDER GRANTING JOINT MOTION FOR ENTRY OF INITIAL AND FINAL ORDERS (I) DISMISSING THE BANKRUPTCY CASE; (II) ESTABLISHING PROCEDURES AND DEADLINES WITH RESPECT TO FINAL FEE APPLICATIONS FOR ALL PROFESSIONALS; (III) EXCULPATING CERTAIN PARTIES FROM LIABILITY IN CONNECTION WITH THE BANKRUPTCY CASE; (IV) PRESERVING THE COURT'S PRIOR ORDERS; AND (V) GRANTING RELATED RELIEF**

---

**PURSUANT TO** the (i) *Joint Motion for Entry of Initial and Final Orders (I) Dismissing the Bankruptcy Case; (II) Establishing Procedures and Deadlines with Respect to Final Fee Applications for All Professionals; (III) Exculpating Certain Parties from Liability in Connection with the Bankruptcy Case; (IV) Preserving the Court's Prior Orders; and (V) Granting Related*

---

[1] The last four digits of the Debtor's federal tax identification number are 2446. The Debtor's principal place of business is located at 1177 L Miller Road; Lake Charles, LA 70605.

*Relief* [ECF No. 293] (the "**Motion**")² filed by Alfred Miller Contracting Company (the "**Debtor**"), chapter 11 debtor-in-possession in the above captioned bankruptcy case (the "**Bankruptcy Case**")³ and MZJV-GPX, an unincorporated joint venture between CB&I LLC, a Texas Limited Liability Company, and Zachry Industrial, Inc., a Delaware corporation, (ii) the *Initial Order Approving (I) Dismissal of the Bankruptcy Case; (II) Establishing Procedures and Deadlines with Respect to Final Fee Applications for All Professionals; and (III) Granting Related Relief* [ECF No. 327]; and (iii) the *Certification of Counsel and Request for Entry of an Order Dismissing the Chapter 11 Case*, filed on May 30, 2023, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to sections 305 and 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017(a), the Bankruptcy Case is hereby dismissed, effective as of May 31, 2023 (the "**Dismissal Date**"). To the extent applicable, the 14-day stay to effectiveness of this Order provided by Bankruptcy Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

2. Within twenty days of the Dismissal Date, the Debtor shall (a) file any monthly operating report remaining unfiled (b) pay all quarterly fees remaining due the United States Trustee in the Bankruptcy Case and (c) to the extent not previously satisfied, satisfy all Professional Fees incurred in the Bankruptcy Case that have been approved on a final basis (to the extent applicable).

3. Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, including, without limitation, section 349 of the Bankruptcy

---

² Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

³ The chapter 11 bankruptcy estate of Alfred Miller Contracting Company is herein referred to as the "**Estate**".

Code, all prior orders, releases, stipulations, settlements, rulings, orders and judgments of this Court made during the course of the Bankruptcy Case and any related adversary proceedings, shall remain in full force and effect, shall be unaffected by the dismissal of the Bankruptcy Case, and are specifically preserved for purposes of finality of judgment and *res judicata*.

4. Each of the Professionals' retentions in the Bankruptcy Case is terminated without the need for further action on the part of this Court, the Debtor, or such firms.

5. The Committee is hereby dissolved without need for further action on the part of this Court or the Committee or its members; provided, however, that obligations arising under confidentiality agreements, joint interest agreements, and protective orders, if any, entered into during the Bankruptcy Case shall remain in full force and effect in accordance with their terms.

6. From and after the date of this Order, the members of the Committee in their capacity as such (each an "**Exculpated Party**" and collectively, the "**Exculpated Parties**"), shall be exculpated from any liability for any act taken or omitted to be taken from the Committee's formation through the date of entry of this Order in connection with or related to the Bankruptcy Case, including but not limited to, the implementation of this Order (other than an act in contravention of this Order), except for any claim or cause of action arising from the fraud, gross negligence, or willful misconduct of such party.

7. The Debtor is hereby authorized and empowered to take any and all steps necessary and appropriate to effectuate the terms of this Order.

8. Notwithstanding the dismissal of the Bankruptcy Case, to the extent allowed by applicable law, this Court shall retain jurisdiction with respect to any matters, claims, rights

or disputes arising from or related to the implementation, interpretation, or enforcement of this or any other Order of this Court entered in the Bankruptcy Case.

9. Pursuant to section 349(b)(3) of the Bankruptcy Code, all property of the Estate remaining immediately following the Dismissal Date shall re-vest in the Debtor.

# # #

Respectfully Submitted,

**STEWART ROBBINS BROWN & ALTAZAN, LLC**
301 Main Street, Suite 1640
P. O. Box 2348
Baton Rouge, LA 70821-2348
(225) 231-9998 Telephone
(225) 709-9467 Fax

By: /s/ Paul Douglas Stewart, Jr.
Brooke W. Altazan (La. #32796)
baltazan@stewartrobbins.com
Paul Douglas Stewart, Jr. (La. #24661)
dstewart@stewartrobbins.com
Brandon A. Brown (La. #25592)
bbrown@stewartrobbins.com
Nicholas J. Smeltz (La. #38895)
nsmeltz@stewartrobbins.com

*Counsel for Alfred Miller Contracting Company*